IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION
CASE NO. 3:12-CV-1146

| | | |
|---|---|---|
| Hongda Chem USA, LLC, and<br>Hongda Group Limited, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>Shangyu Sunfit Chemical Company, Ltd.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **COMPLAINT**<br>**(Jury Trial Demanded)** |

Plaintiffs Hongda Chem USA, LLC ("Hongda Chem") and Hongda Group Limited, LLC ("Hongda Group," and collectively with Hongda Chem, "Hongda"), complaining of Defendant Shangyu Sunfit Chemical Company, Ltd. ("Shangyu"), allege and say as follows:

## NATURE OF ACTION

1. This action arises out of Shangyu's intentional breach of an exclusivity provision in the parties' sales contract. Pursuant to the parties' contract, Hongda distributed Shangyu's chemical products to North American purchasers, and Shangyu agreed that Hongda would be the exclusive distributor of its products in North America. Hongda fulfilled its portion of the bargain, finding a lucrative buyer and earning substantial profits for Shangyu. After accepting these profits, Shangyu breached the parties' contract and began selling its chemical products in North America to third parties other than Hongda. This lawsuit seeks to hold Shangyu responsible for abusing Hongda's trust, breaching the parties' agreement, withholding significant commissions from Hongda, and interfering with Hongda's contractual relationship with its current buyer.

## PARTIES, JURISDICTION, and VENUE

2. Hongda Chem is a limited liability company organized under the laws of North Carolina, with its principal place of business in High Point, North Carolina.

3. The members of Hongda Chem are located in North Carolina and in Texas.

4. Hongda Chem is therefore a citizen of both North Carolina and Texas.

5. Hongda Group is a limited liability company organized under the laws of North Carolina, with its principal place of business in High Point, North Carolina.

6. The members of Hongda Group are located in North Carolina and in Texas.

7. Hongda Group is therefore a citizen of North Carolina and Texas.

8. Shangyu is a Chinese company with its principal place of business at 2# Weiwu Rd., Shangyu Industrial Park, Hangzhou Bay, Zhejiang, China.

9. Shangyu is therefore a citizen or subject of China.

10. This court has diversity jurisdiction over these claims pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and because the amount in controversy exceeds $75,000, excluding interest and costs.

11. Venue is appropriate in the Middle District of North Carolina, Greensboro Division pursuant to 28 U.S.C. § 1391.

## FACTS

12. Hongda is an American company that manufactures and distributes chemical products to a worldwide market.

13. Headquartered in High Point, North Carolina, Hongda operates regional distribution warehouses on Georgia, South Carolina, North Carolina, Pennsylvania, Texas, and Missouri.

2

14. Shangyu is a Chinese company that manufactures various chemical products, including N-(n-Butyl) thiophosphoric Triamide ("NBPT").

15. Upon information and belief, Shangyu is not licensed to do business in any state in the United States of America.

16. For Shangyu, Hongda provided a significant opportunity for increased sales and revenue because of Hongda's knowledge of the North American market and Hongda's experience selling and distributing chemical products.

17. In September, 2011, Hongda and Shangyu entered into negotiations for a contract under which Hongda would sell Shangyu's chemical products in North America.

18. On September 29, 2011, the parties executed a contract memorializing their agreement ("Exclusive Sales Contract," attached to this Complaint as Exhibit A).

19. Pursuant to the Exclusive Sales Contract, Hongda agreed to purchase a minimum of 1,000,000 pounds of NBPT from Shangyu per year for a period of five years.

20. Shangyu also agreed that it would not sell chemical products in North America to any third parties other than Hongda, either directly or through other distributors, for the length of the Exclusive Sales Contract.

21. The parties further agreed that Hongda would earn a commission on all chemical products sold under the Exclusive Sales Contract.

22. A significant motivating factor for entering into the Exclusive Sales Contract was Hongda's relationship with Albemarle Corporation ("Albemarle"), an American chemical company.

3

23. The Exclusive Sales Contract contemplated that Albemarle alone would purchase 1,000,000 pounds of NBPT in 2012 and would increase its order to 2,000,000 pounds of NBPT in 2014.

24. In early 2012, Hongda entered into a contract with Albemarle and sold significant amounts of Shangyu NBPT to Albemarle, earning Shangyu a significant profit.

25. However, in September 2012, with four years still remaining on the Exclusive Sales Contract, Hongda discovered that Shangyu had been selling chemical products in North America to third parties other than Hongda in blatant violation of the Exclusive Sales Contract.

26. By selling chemical products in North America to third parties other than Hongda, Shangyu prevented Hongda from earning the commission to which it was entitled under the Exclusive Sales Contract.

27. Additionally, Shangyu's breach of the exclusivity provision prevented Hongda from developing relationships with other purchasers of NBPT to whom it could have sold the product and from whom it could have earned additional profits in the remaining years the Exclusive Sales Contract would have been in effect.

28. Making matters worse, Shangyu approached Albemarle and encouraged Albemarle to pay Shangyu directly for NBPT, thereby cutting out Hongda and interfering with Hongda's contract with Albemarle. Shangyu falsely advised Albemarle that Hongda was late in its payments and falsely stated that Hongda "would not be around long," and Shangyu urged Albemarle to deal directly with Shangyu rather than through Hongda.

29. Shortly after Shangyu approached Albemarle, Albemarle terminated its contract with Hongda.

4

30. This interference with Hongda's contract with Albemarle deprived Hongda of additional profits it would have earned had Shangyu not interfered.

31. The total amount of lost profits suffered by Hongda, arising from Shangyu's breach of the Exclusive Sales Contract and from Shangyu's interference with the Albemarle contract, exceeds $10,000,000.

## FIRST CAUSE OF ACTION
### (Declaratory Judgment – 28 U.S.C. § 2201)

32. Hongda realleges and incorporates by reference each of the above paragraphs.

33. Hongda seeks a judicial determination of the respective rights, duties, and obligations of Hongda and Shangyu under the law.

34. An actual and justiciable controversy has arisen between Hongda and Shangyu, in that Hongda claims that Shangyu has materially breached the Exclusive Sales Contract through its conduct described above, and Shangyu denies and disputes that it has violated the Exclusive Sales Contract.

35. Hongda is entitled to a judgment declaring that:

(i) Shangyu's sale of chemical products in North America to third parties other than Hongda constitutes a material breach of the Exclusive Sales Contract; and

(ii) Hongda is entitled to recover from Shangyu all of its losses resulting from said breach, including but not limited to lost commissions associated with Shangyu's past and future sales of chemical products in North America to third parties other than Hongda.

5

36. A judicial declaration is necessary and appropriate at this time so that the parties may ascertain their rights, duties, and obligations under the law and under their contract so their future performance will conform to the express terms of the Exclusive Sales Contract.

## SECOND CAUSE OF ACTION
### (Breach of Contract)

37. Hongda realleges and incorporates by reference each of the above paragraphs.

38. The Exclusive Sales Contract constitutes a valid and enforceable contract between Hongda and Shangyu.

39. Hongda fully performed all of its material obligations under the Exclusive Sales Contract.

40. Shangyu breached that contract by selling chemical products in North America to third parties other than Hongda.

41. Shangyu's breach proximately caused Hongda to suffer damages, including but not limited to the lost commissions which it would have received had Shangyu not breached the Exclusive Sales Contract.

42. Shangyu's conduct was willful, wanton, and malicious, and Hongda is therefore entitled to punitive damages.

## THIRD CAUSE OF ACTION
### (Intentional Interference with Contractual Relationship)

43. Hongda realleges and incorporates by reference each of the above paragraphs.

44. Hongda and Albemarle had a valid contract according to which Hongda agreed to sell NBPT manufactured by Shangyu to Albemarle.

45. This contract conferred upon Hongda a contractual right against Albemarle.

46. Shangyu had knowledge of Hongda's contract with Albemarle.

6

47. Shangyu intentionally induced Albemarle not to perform its contract with Hongda.

48. Shangyu acted without justification.

49. Shangyu's conduct proximately caused Hongda to suffer actual damages.

50. Shangyu's conduct was willful, wanton, and malicious, and Hongda is therefore entitled to punitive damages.

WHEREFORE, Plaintiffs Hongda Chem USA, LLC and Hongda Group Limited, LLC pray this Court to enter judgment as follows:

(a) Declaring that (i) Shangyu's sale of chemical products in North America to third parties other than Hongda constitutes a material breach of the Exclusive Sales Contract; and (ii) Hongda is entitled to recover from Shangyu all of its losses resulting from said breach, including but not limited to lost commissions associated with Shangyu's past and future sales of chemical products in North America to third parties other than Hongda;

(b) Awarding Hongda compensatory damages against Shangyu in an amount to be determined at trial, but in any event, not less than $10,000,000;

(c) Taxing the costs of this action, including reasonable attorneys' fees, against Shangyu;

(d) Awarding Hongda pre- and post-judgment interest as permitted under North Carolina law; and

(e) Awarding Hongda such other and further relief as this Court deems just and proper.

7

This the 26th day of October, 2012.

/s/ Peter A. Santos

Peter A. Santos (N.C. Bar No. 32040)
psantos@nexsenpruet.com
James C. Smith (N.C. Bar No. 8510)
jsmith@nexsenpruet.com
Matthew S. DeAntonio (N.C. Bar No. 39625)
mdeantonio@nexsenpruet.com
*Attorneys for Plaintiffs Hongda Chem USA, LLC and
Hongda Group Limited, LLC*

OF COUNSEL:

NEXSEN PRUET, PLLC
227 West Trade Street, Suite 1550
Charlotte, NC 28202
Telephone: 704.339.0304

8