IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| HONGDA CHEM USA, LLC, and HONGDA GROUP LIMITED, LLC, | ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| SHANGYU SUNFIT CHEMICAL COMPANY, LTD. and YMS AGRICULTURE INTERNATIONAL CORP., | ) ) ) ) |
| | ) |
| Defendants. | ) ) |
| SHANGYU SUNFIT CHEMICAL COMPANY, LTD., | ) ) ) |
| Third-Party Plaintiff, | ) ) |
| v. | ) ) |
| GARY DAVID MCKNIGHT; RAYMOND P. PERKINS; WEI XU; and VASTO CHEMICAL COMPANY, INC, | ) ) ) ) ) |
| Third-Party Defendants. | ) ) |

1:12-CV-1146

## MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, District Judge.

A jury found that Hongda Chem USA, LLC, Hongda Group Limited, LLC, Gary David McKnight, Raymond P. Perkins, Wei Xu, and Vasto Chemical Company, Inc. committed numerous unfair or deceptive acts in connection with purchases of the chemical NBPT by Hongda from Sunfit. The Court concluded those acts constituted

unfair trade practices under N.C. Gen. Stat. § 75-1.1 and, after ruling on post-verdict motions, entered an Amended Judgment on March 20, 2020. Doc. 333.

Sunfit has moved for attorney's fee pursuant to N.C. Gen. Stat. § 75-16.1, and none of the other parties have objected.[1] Because Hongda, Vasto, and their three owners[2] each willfully engaged in the unfair and deceptive practices found by the jury and there was an unwarranted refusal by those parties to fully resolve the matter, Sunfit is entitled to its attorneys' fees and the motion will be granted.

### ATTORNEYS' FEES UNDER CHAPTER 75

Under N.C. Gen. Stat. § 75-16.1, the presiding judge has discretion to "allow a reasonable attorney fee" to the attorney "representing the prevailing party" if "[t]he party charged with the violation has willfully engaged in the act or practice, and there was an unwarranted refusal by such party to fully resolve the matter which constitutes the basis of such suit." *Id*. The attorney fee is "to be taxed as a part of the court costs and payable by the losing party." *Id.* A Chapter 75 attorneys' fee award must be supported by findings of fact, both as to entitlement to the fee and the awarded amount. *See McKinnon v. CV Indus., Inc.*, 228 N.C. App. 190, 199, 745 S.E.2d 343, 350 (2013).

---

[1] Sunfit's motion for attorneys' fees was filed shortly after the jury verdict as part of its motion for judgment. Doc. 314. The parties agreed that Hongda could submit its opposition to the motion "within fourteen days from the Court's ruling on the post-trial motions." Doc. 318 at 2. The Court accepted that schedule by text order on 12/5/19. The Court ruled on the post-trial motions by Order entered on March 10, 2020, Doc. 331, and the Amended Judgment was entered ten days later. Doc. 333. No opposition to the motion for attorneys' fees was filed.

[2] For simplicity, the Court will refer to Mr. McKnight, Mr. Perkins, and Mr. Xu, who were third-party defendants in this case, as "the owners."

2

In the Chapter 75 context, "[a]n act or a failure to act is 'willfully' done if done voluntarily and intentionally with the view to doing injury to another." *Standing v. Midgett*, 850 F. Supp. 396, 404 (E.D.N.C. 1993); *accord Faucette v. 6303 Carmel Rd., LLC*, 242 N.C. App. 267, 279, 775 S.E.2d 316, 326 (2015). If there was no accident or mistake and the defendant's act was intentional, a court is justified in finding those actions to be willful. *Printing Servs. of Greensboro, Inc. v. Am. Capital Grp., Inc.*, 180 N.C. App. 70, 81, 637 S.E.2d 230, 236 (2006), *aff'd*, 361 N.C. 347, 643 S.E.2d 586 (2007); *Bridgetree, Inc. v. Red F Mktg. LLC*, No. 3:10-cv-00228-FDW-DSC, 2013 WL 443698, at *19 (W.D.N.C. Feb. 5, 2013) (noting in the context of motions for attorneys' fees under Chapter 75 and another statute that"[w]illful means intentionally. Willful is used in contradistinction to accidental or unavoidably," and collecting cases).

In evaluating whether there was an "unwarranted refusal to fully resolve the matter which constitutes the basis" of the suit, courts take the entirety of the circumstances into account. A defendant's general intractability in resolving the dispute may constitute an unwarranted refusal. *See Barbee v. Atl. Marine Sales & Serv., Inc.*, 115 N.C. App. 641, 649, 446 S.E.2d 117, 122 (1994). And if the defendant's litigation conduct indicates it considered the underlying conduct that violated Chapter 75 to be a permissible business practice, that can be a reason to find an unwarranted refusal to settle. *See Pinehurst, Inc. v. O'Leary Bros. Realty, Inc.*, 79 N.C. App. 51, 64, 338 S.E.2d 918, 926 (1986).

## FINDINGS OF FACT

The Court has previously summarized the overwhelming evidence in this case that Hongda, Vasto, and the three owners engaged in a large-scale fraudulent scheme, *see*

3

*generally* Doc. 331, and the jury explicitly found deception, *see* Doc. 307 at ¶ 15(b), misrepresentations, *id.* at ¶ 15(e), and concealment. *Id.* at ¶ 15(g). The jury also found that Hongda never intended to abide by the contract, *id.* at ¶ 15(a) and instead of paying Sunfit what it owed for NBPT it ordered and received, it fraudulently transferred money to other entities controlled by Hongda's owners, *id.* at ¶ 7, and its owners invested the money into other business ventures that were designed to compete with Sunfit in violation of the exclusivity provision. *Id.* at ¶ 15(b)–(c); Doc. 331 at 4. Vasto was created to, and did, participate in this scheme to divert business from Sunfit in violation of Hongda's contractual obligations. Doc. 307 at ¶ 15(b) & (f); Doc. 331 at 4.

As the evidence summarized in the Court's previous order, Doc. 331, shows, the acts and practices engaged in by Hongda and the third-party defendants were intentional and were not undertaken based on a misunderstanding of their contractual obligations. Hongda and its owners acted willfully when they entered into the 2011 contract with Sunfit with the intent to disregard the exclusivity provision and thereafter engaged in a course of conduct intended to circumvent Sunfit's exclusivity rights and use money it owed Sunfit to pay its own business expenses, and Vasto willfully participated in this scheme.

Hongda, its owners, and Vasto also engaged in an unwarranted refusal to fully resolve the matter. After Hongda repeatedly failed to pay in full or on time for shipments of NBPT from Sunfit, Sunfit stopped NBPT shipments and informed Hongda that it would terminate the contract if Hongda did not bring the account current. Instead of paying what it owed Sunfit or agreeing to one of the reasonable compromises proposed

4

by Sunfit, Hongda initiated this lawsuit, alleging on little more than speculation that Sunfit had breached the contract. Doc. 1.

Over a year before the trial, summary judgment was entered against Hongda as to liability on Sunfit's breach of contract claim for failing to pay the outstanding invoices. *See* Docs. 201, 209. The record is silent as to any realistic offer to settle the claims against them by Hongda, Vasto or any of the three owners after it became clear Hongda would have to pay for the NBPT it received and that the Chapter 75 claims would go to trial.

Shortly before trial, Hongda did agree to enter a judgment against it for the balance on the outstanding invoices, but its owners refused to secure payment on that judgment or to offer any money themselves. Doc 315 at 12–13.[3] At the time of this offer Hongda no longer existed, Doc. 130-1, so this amounted to an offer to pay nothing, and it disregarded completely the value of the Chapter 75 claims against Vasto and the owners and of the fraudulent transfer claim.

Hongda and the third-party defendants continued to defend their actions all the way through trial. Mr. McKnight and Mr. Perkins testified during trial that they were justified in not paying Sunfit and that their attempts to circumvent the contract were permissible business practices in light of their purported belief that Sunfit had breached the contract first. That testimony of the two owners was not credible, as the evidence is

---

[3] While no transcript of the settlement and pre-trial conference has been prepared, the facts recited in Sunfit brief are generally consistent with the Court's memory of the reported settlement discussions. Hongda and its owners have not offered any evidence to contradict Sunfit's account, nor have they disputed Sunfit's characterization of the settlement negotiations.

clear that Hongda and its owners intended to cheat Sunfit.  *See Pinehurst,* 79 N.C. App. at 64, 338 S.E.2d at 926 (affirming finding of unwarranted refusal to settle where defendants contended their deceptive letter "was an acceptable business practice"). Based on these findings, the Court finds and concludes that Hongda, its owners, and Vasto engaged in an unwarranted refusal to settle.

The Court further finds that a reasonable attorneys' fee in this case is $600,000. The parties agreed that if the Court found that Sunfit was entitled to attorneys' fees, the amount of attorneys' fees would be $600,000, Doc. 318; Doc. 314-2, and that is a very modest fee for the amount of work that went into prosecuting Sunfit's claims against the wrongdoers here.  The case required an extensive motions practice, many depositions, and a week-long trial.  Based on the stipulation and the Court's general familiarity with the legal market in this area for similar services and the amount of time it would take to successfully prosecute the Chapter 75 claims, the Court finds the agreed-upon fee to be reasonable.

Pursuant to the parties' agreement, in the absence of any opposition filed by Hongda and the third-party defendants, and based on these findings of fact and those set forth in the Court's previous Order upholding the verdict on liability, Doc. 331, the Court concludes that Sunfit is entitled to its attorneys' fees of $600,000, pursuant to N.C. Gen. Stat. § 75-16.1.  Judgment will be entered separately.

It is **ORDERED** that Sunfit's motion for attorneys' fees, Doc. 314, is **GRANTED** and judgment will be entered in favor of Shangyu Sunfit Chemical Company, Ltd. and against Hongda Chem USA, LLC, Hongda Group Limited, LLC, Gary David McKnight,

Raymond P. Perkins, Wei Xu, and Vasto Chemical Company, Inc. in the amount of $600,000.

This the 16th day of April, 2020.

_____
             UNITED STATES DISTRICT JUDGE

7

Case 1:12-cv-01146-CCE-JLW   Document 334   Filed 04/16/20   Page 7 of 7